Jones, J.
There is not the slightest evidence upon which a verdict finding either that the $250 was full compensation or was agreed to be received as such, could be based. On-the contrary it is clear that the $250 was adjusted and agreed *426 upon as full compensation for all disbursements and commissions made and earned up to April 21, and for interest on advances up to a period not extending beyond May 21st, only. Upon this there is no conflict of testimony. Therefore the instructions excepted to were erroneous. They were instructions that the jury might find certain facts to be established, to support which there was not only no evidence, but which were controverted by all the evidence in the case, and that upon the finding and facts they should render a verdict for the plaintiff.
'But although these instructions are erroneous, still they • would not call for a new trial if the court clearly saw that they could not by any possibility have prejudiced.the defendant.
If the evidence fails to show that the defendant has a lien for disbursements made, or commissions earned, since the 21st of April, or for interest on advances, accruing since May 21st, for an amount exceeding the sum tendered, he is not prejudiced. The evidence shows that since the 21st of April some sales were made upon which a commission would be chargeable. True there is no proof either of what the customary rate of commission is, or of any express agreement as to commissions or compensation, or of the value of the service. I do not, however, consider it necessary that such proof should have been given, since any commission on these sales, no matter how small, would increase the amount for which the defendant had a lien, beyond the sum of $130 tendered. It is not, however, necessary to decide this point, for the interest accruing on the advances. subsequent to May 21st, in whatever way the same maybe calculated, with reference to the application of moneys received from sales of goods, increases the amount for which the defendant has a lien, considerably above the sum tendered.
The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.